SIGGINS, J., Concurring.
I join fully in Justice Pollak's opinion for the court, and write separately to express an additional reason why I believe the Rate Structure Integrity (RSI) provision in the contract between Metropolitan Water District of Southern California (Metropolitan) and the San Diego County Water Authority (Water Authority) is invalid. I believe it is unconstitutional for a different reason than the effect it may have on the right to petition for redress of grievances. In my view, it is inconsistent with the constitutional requirement that water rates be set in the manner prescribed by law because it seeks to evade the statutory scheme that governs the joint use of capacity in water conveyance facilities set forth in the wheeling statutes at division 2, article 4 of the Water Code (§§ 1810 - 1814 ). I would conclude it is unenforceable for this reason.
Our state Constitution provides that: "The right to collect rates or compensation for the use of water supplied to any county, city and county, town, or the inhabitants thereof, is a franchise, and cannot be exercised except by authority of and in the manner prescribed by law." ( Cal. Const., art. X, § 6.)
The wheeling statutes provide a basis for the Water Authority to use Metropolitan's conveyance facilities upon the payment of fair compensation. ( Wat. Code, § 1810.) But those statutes also make clear that "any determination made under this article" can be the subject of a judicial challenge in which "the court shall consider all relevant evidence, and the court shall give due consideration to the purposes and policies of this article." ( *1167 Wat. Code, § 1813.) Because the RSI conditions the provision of wheeling services under the exchange agreement on the waiver of any judicial remedy for violation of the wheeling statutes, and in fact seeks to insulate Metropolitan's rates from judicial review, I believe it is invalid under application of Parrish v. Civil Service Commission (1967) 66 Cal.2d 260, 271, 57 Cal.Rptr. 623, 425 P.2d 223 for reasons expressed by the trial court in its summary judgment ruling and Justice Pollak in his majority opinion.